**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL A. BARBA, )<br>)<br>                 Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF CHICAGO, a municipal corporation; )<br>OFFICER JOSE SANCHEZ, Badge No. 18528, )<br>an individual; OFFICER C. SOTO, Badge No. 9478, )<br>an individual; OFFICER A. FRANCO, Badge No. )<br>10805, an individual; OFFICER K.N. VELASCO, )<br>Badge No. 14783, an individual; J. HRUSA, Badge )<br>No. 14869, an individual; G. GOMEZ, Badge No. )<br>15367, an individual; and M. CORRAL, Badge No. )<br>19448, an individual, )<br>                 Defendants. ) | Case No. 25-cv-4765<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, DANIEL A. BARBA, by and through his counsel, Jeffrey Law Office, LLC, and complaining of Defendants CITY OF CHICAGO, a municipal corporation, OFFICER JOSE SANCHEZ, Badge No. 18528, an individual; OFFICER C. SOTO, Badge No. 9478, an individual; OFFICER A. FRANCO, Badge No. 10805, an individual; OFFICER K.N. VELASCO, Badge No. 14783, an individual; OFFICER J. HRUSA, Badge No. 14869, an individual; OFFICER G. GOMEZ, Badge No. 15367, an individual; and OFFICER M. CORRAL, Badge No. 19448 and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

1

**PRELIMINARY STATEMENT**

1. This action arises out of an unconstitutional traffic stop and detainment of Plaintiff on May 2, 2024, by Defendant City of Chicago Officers that resulted in excessive use of force, including the illegal and unnecessary use of an illegal takedown, causing serious and ongoing physical and psychological injuries to Plaintiff.

2. The lawsuit seeks damages for: (1) the use of excessive force in violation of the Fourteenth Amendment to the United States Constitution; and (2) the failure to intervene and prevent the excessive force in violation of the Fourteenth Amendment to the United States Constitution; false imprisonment, and (3) committing the state law torts of battery, intentional infliction of emotional distress, and false imprisonment.

**JURISDICTION AND VENUE**

3. This action is being brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b). The parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred in this district as well.

**PARTIES**

5. Plaintiff, Daniel Barba, is and was at all times relevant to this suit an adult male residing in Burbank, Illinois. Plaintiff was harmed by Defendants in this District.

6. Defendant City of Chicago is a municipal corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at

least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

7. Defendant Officer Jose Sanchez, Badge No. 18528, at all times relevant hereto, was a duly appointed Officer of the Chicago Police Department (a department of Defendant City of Chicago). He is being sued in his individual capacity and acted under color of law and in the scope of his employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

8. Defendant Officer C. Soto, Badge No. 9478, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). C. Soto is being sued in their individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

9. Defendant Officer A. Franco, Badge No. 10805, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). A. Franco is being sued in his individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

10. Defendant Officer K.N. Velasco, Badge No. 1171, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). K.N. Velasco is being sued in their individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

11. Defendant Officer J. Hrusa, Badge No. 14869, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). J. Hrusa is being sued in their individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

12. Defendant Officer G. Gomez, Badge No. 15367, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). J. Hrusa is being sued in their individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

13. Defendant Officer M. Corral, Badge No. 19448, at all times relevant hereto, was a duly appointed officer of the Chicago Police Department (a department of Defendant City of Chicago). M Corral is being sued in their individual capacity and acted under color of law and in the scope of their employment in engaging in the actions alleged in this complaint. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

14. On May 2, 2024 at approximately 4:00pm. Plaintiff was driving with a passenger on W. 25th St. in Chicago Illinois.

15. While obeying all traffic laws and without legal justification or probable cause, Plaintiff was signaled to pull over by Defendant Officers G. Gomez and M. Corral. Defendant pulled over near 2936 W. 25th St. to get out of traffic and safely comply with the Officers' request.

16. At that time, Plaintiff's passenger exited the vehicle and took off on foot while Plaintiff remained and complied.

17. The officers who initiated the traffic stop, G. Gomez and M. Corral, pursued the passenger on foot and called for assistance.

18. Soon thereafter, Defendants Jose Sanchez, C. Soto, A. Franco, K.M. Velasco, and J. Hrusa arrived on the scene of the incident to assist by detaining the Plaintiff.

19. Plaintiff continued to cooperate with Defendant Officers, answering the questions asked, still inquiring why he was being detained; meanwhile, Defendants G. Gomez and M. Corral caught and arrested Plaintiff's passenger who was in possession of an illegal firearm.

20. Plaintiff was unarmed and informed that his vehicle would be impounded due to his passenger's violation. Plaintiff asked if he could retrieve some personal belongings from his vehicle before it was impounded, and Defendant Officers refused.

21. The assisting officers then released the Plaintiff and asked him to leave, but he persisted in his inquiry into his personal belongings.

22. Plaintiff and Defendant Officer Jose Sanchez then had a verbal exchange which ended in the Plaintiff turning his back to Defendant Officer Sanchez.

23. Plaintiff did not pose an immediate threat to Defendant Officer Sanchez or others; had no weapons on his person; never moved in an aggressive or threatening manner towards Defendant Officers; or resisted arrest.

24. Suddenly and without provocation by Plaintiff, however, Defendant Officer Sanchez grabbed Plaintiff from behind, pinning his arms, and threw him to the ground, causing Plaintiff to hit face first on the concrete. Defendant Sanchez had complete control of Plaintiff, as Plaintiff's arms were restricted from movement, not allowing him to brace himself as he was being thrown to the ground.

25. Defendant Officers then placed Plaintiff under arrest as he complained of jaw pain from the impact inflicted by Defendant Officer Sanchez.

26. Defendant Sanchez's utilization of a violent takedown on the Plaintiff was not reasonably necessary to make an arrest of Plaintiff; and the use of the takedown procedure by Illinois police officers is illegal under the circumstances as the Plaintiff had his back turned to Defendant Officer Sanchez and was not an imminent threat.

27. Although Defendant Officers C. Soto, A. Franco, K.M. Velasco, J. Hrusa, G. Gomez, and M. Corral observed the takedown and knew it was, unreasonable and unnecessary, they failed to intervene and prevent the misconduct.

28. Plaintiff was then arrested and taken to District 010 Lockup for processing.

29. Plaintiff complained of jaw pain at District 010 Lockup, and was told "do not say anything, and [we] can make this all go away."

30. The arrest report erroneously notes that Plaintiff refused medical attention, and that there was "no obvious pain or injury." However, Defendant Officers Sanchez and C. Soto transported Plaintiff to Saint Anthony Hospital for medical treatment while he was still in custody.

31. Soon thereafter, doctors determined that Plaintiff was suffering from a fractured jaw, which resulted from Defendant Officer Sanchez's use of force during the arrest. Doctors dispensed pain medication to Plaintiff and referred him to an oral surgery specialist before releasing him back into custody of Defendant Officers Sanchez and C. Soto.

32. Defendant Officers Sanchez and C. Soto then transported Plaintiff back to District 010 Lockup where he was received by Geroge M. Slawson, Badge No. 2352, who released Plaintiff to court.

33. As a result of Plaintiff's injuries, he has been subject to various medical tests, appointments with oral surgery specialists, prescribed pain medication and underwent invasive surgery.

## COUNT I — EXCESSIVE FORCE
### (Defendant Jose Sanchez)

34. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

35. At all times relevant hereto, Defendant Sanchez was employed by the Chicago Police Department and acting under the color of law.

36. As described in the preceding paragraphs, by intentionally, illegally, willfully, wantonly, and without legal justification grabbing Plaintiff from behind, pinning his arms to his side and throwing Plaintiff to the ground thereby causing his jaw to fracture, when Plaintiff posed no threat and was fully cooperating with Defendants. Defendants subjected Plaintiff to unreasonable and excessive force in violation of Plaintiff's rights as guaranteed by the United States Constitution.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and in violation of 42 U.S.C. § 1983.

38. The acts of excessive force by Defendant Sanchez was the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and City of Chicago in the manner described more fully above.

## COUNT II – FAILURE TO INTERVENE
**(Defendants C. Soto, G. Gomez, M. Corral, A. Franco, K.M. Velasco, and J. Hrusa)**

40. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

41. Defendants C. Soto, G. Gomez, M. Corral, A. Franco, K.M. Velasco, and J. Hrusa stood by without intervening to prevent the misconduct described in the preceding paragraphs.

42. As a result of Defendants failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered physical pain and injury, as well as psychological injury. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983.

44. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and City of Chicago in the manner described more fully above.

## COUNT III – FALSE IMPRISONMENT
**(All Defendants)**

45. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

46. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

47. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

48. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and in violation of 42 U.S.C. § 1983.

49. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and City of Chicago in the manner described more fully above.

## COUNT IV – STATE LAW BATTERY
### (Defendant Jose Sanchez)

50. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

51. At all times relevant hereto, Defendant Sanchez was employed by the Chicago Police Department and acting under the color of law.

52. As described in the preceding paragraphs, by intentionally, illegally, willfully, wantonly, and without legal justification grabbing Plaintiff from behind, pinning his arms to his side and throwing Plaintiff to the ground thereby causing his jaw to fracture, when Plaintiff posed no threat and was fully cooperating with Defendants. Defendants subjected Plaintiff to unreasonable and excessive force in violation of Plaintiff's rights as guaranteed by the United States Constitution.

53. That Defendant Sanchez intentionally caused harmful and offensive contact with Plaintiff by willfully, wantonly, forcibly, and without legal justification throwing him to the ground when Plaintiff had his back turned to his attacker.

54. The acts of excessive force by Defendant Sanchez were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff.

55. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and Cook County Sheriff's Office in the manner described more fully above.

### COUNT V – STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(All Defendants)**

56. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

57. The acts and conduct of Defendants as set forth above were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of, the probability that their conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

58. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress.

59. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

60. As a proximate result of Defendants' wrongful acts, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

### COUNT VI – STATE LAW FALSE IMPRISONMENT
**(All Defendants)**

61. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

62. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

63. As a result of this violation, Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

64. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights and in violation of Illinois law.

65. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department and City of Chicago in the manner described more fully above.

### COUNT VII – STATE LAW RESPONDEAT SUPERIOR
**(Defendant City of Chicago)**

66. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

67. In committing the acts alleged in the preceding paragraphs, Defendants Jose Sanchez, C. Soto, A. Franco, K.N. Velasco, J. Hrusa, G. Gomez, and M. Corral were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

68. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VIII – INDEMNIFICATION
**(Defendant City of Chicago)**

69. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

70. Public entities are directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which employees are liable within the scope of their employment activities.

71. At all times relevant hereto, Defendants, Jose Sanchez, C. Soto, A. Franco, K.N. Velasco, J. Hrusa, G. Gomez, and M. Corral were employees of the City of Chicago, who acted within the scope of their employment in committing the misconduct described herein.

Dated:  April 30, 2025

     s/   Antonio L. Jeffrey_____
Attorney for Plaintiff


JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com